# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

DAVID STEBBINS                                                                                           PLAINTIFF

     v.                              Civil No. 10-3086

WAL-MART STORES ARKANSAS, LLC                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David Stebbins, filed this action pursuant to the provisions of the Rehabilitation Act, 29 U.S.C. §§ 791-794. Plaintiff's motion to confirm arbitration (Doc. 20) and Defendant's motion for partial summary judgment (Doc. 22) with respect to the arbitration claim are before me for issuance of this report and recommendation. The parties have also filed a number of responses, supplements, and reply briefs on the issue (Docs. 25-32 & 34).

### 1. Background

According to the allegations of the complaint, Plaintiff, who has Asperger Syndrome, applied for a variety of jobs at the Wal-Mart Store in Harrison, Arkansas, during August of 2010. As part of the application process, Plaintiff was required to undergo a computerized "assessment." Plaintiff maintains the assessment, in particular, the questions regarding customer interaction, have a disparate impact on individuals with Asperger Syndrome. Plaintiff asserts that tactlessness and social awkwardness are signature traits of Asperger Syndrome.

Plaintiff indicates he "failed" the assessment but would not have done so if the customer interaction questions were not considered. Plaintiff asserts there are a number of jobs at Wal-Mart that do not involve customer interaction that he was qualified for including a janitor or night shelf-

-1-

stocker.

On November 8, 2010, Plaintiff sent an e-mail to Wal-Mart Customer Service which he maintains constitutes a formal offer to arbitrate the employment discrimination dispute. The language of the "offer" states in relevant part as follows:

> Notice to companies
>
> My name is David Anthony Stebbins, and I live in Harrison, AR. I am sending a link to this webpage to various companies to put you on notice. If you contact me in any way, shape, or form, you hereby acknowledge that you have read, understand, and agree to be legally bound by the terms below.
>
> . . .
>
> You hereby agree that you, as well as any principal or employer that you are acting on behalf of, will initially attempt to settle all legal disputes, even those not relating to this contract by semi-binding arbitration using the services of www.net-arb.com, where you are bound but I am not.

Exhibit B pg. 1 (Doc. 20).

On November 17th, Wal-Mart Customer Care responded:

> Thank you for your recent correspondence. Your message has reached the office that exclusively assists with customer-related matters. In order to obtain the best assistance with your associate/open door issue, we would suggest contacting your Market Manager . . . .

Id. at pg. 2.

On November 21st, Plaintiff responded:

> Apparently, you weren't aware of this, so here it is:
>
> On November 8, 2010, I sent you a formal contract offer, via email. The email stated that, if you initiate communications with me, or if I initiate communications with you, and you entertain said attempt to communicate, you are bound by that contract.
>
> You accepted that offer on November 11, 2010, when I purchased a gallon of milk from you, using a paper check. This check had my name and street address on it, so you knew who I was. Also, your employees asked me to see my ID, and I showed

-2-

them my driver's license, so you had every opportunity to know who I was, then.

Here is the contract that you entered into with me:

http://www.myspace.com/fayettevillesdavid/blog/540490442

So, now, we must hold all legal disputes via arbitration, whether you like it or not!

Id. at pg. 3. On November 24th, Wal-Mart sent Plaintiff an e-mail identical to the one sent on November 17th. Id. at pg. 4.

Thereafter, Plaintiff registered with net-ARB, an online arbitration service. Id. at pg. 5. Net-ARB sent an e-mail to Wal-Mart regarding Plaintiff's registration and his desire to arbitrate an employment dispute. Id. at pgs. 5-6. According to Plaintiff, since Wal-Mart did not accept the arbitration invitation within twenty-four hours of receiving it, he automatically wins regardless of the merits of the case and is entitled to an award of six-hundred billion dollars. (Doc. 20 at pgs. 2-3).

## 2. Discussion

Plaintiff has moved for enforcement of the arbitration agreement. Wal-Mart maintains there is no cognizable claim because there was no agreement to arbitrate.

"Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, [a] dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co., 634 F.3d 466, 468 (8th Cir. 2011)(internal quotation marks and citation omitted). However, a "party who has not agreed to arbitrate a dispute cannot be forced to do so." Id. at pg. 469 (internal quotation marks and citation omitted).

"[S]tate contract law governs the threshold question of whether an enforceable arbitration agreements exists between litigants." Donaldson Co., Inc. v. Burroughs Diesel, Inc., 581 F.3d 726,

Appellate Case: 11-2968     Page: 3     Date Filed: 10/21/2011 Entry ID: 3841576

731-32 (8th Cir. 2009). "Under Arkansas law, a contract must include these essential elements: 1) competent parties, 2) subject matter, 3) legal consideration, 4) mutual agreement, 5) mutual obligations." Bonds v. Hunt, 2010 Ark. App. 415, 2010 WL 1904565 (Ark. App. 2010).

In this case, Plaintiff maintains Wal-Mart accepted the contract by its "act" of replying to his e-mail. Unilateral contracts commonly exist where a reward is offered, a contest is involved, or where changes are made and disseminated in an employee manual. See Aon Risk Services, Inc. v. Meadors, 267 S.W.3d 603, 609 (Ark. App. 2007). In such cases, "the offeree does not accept the offer by express agreement but by his performance. . . . Even though he had not directly communicated his acceptance, a contract is formed as the result of his performance. The performance also constitutes consideration for the contract. Whether a proposal is meant to be an offer for a unilateral contract is determined by the outward manifestations of the parties, and not by their subjective intentions." Id. at 609-10 (citations omitted).

In this case, the terms of the e-mails do not suggest the existence of a contract. The e-mails from Plaintiff are self-serving documents that did not form the basis for any conduct or performance on Wal-Mart's part. A unilateral contract is a promise in exchange for an act. Crawford v. General Contract Corporation, 174 F. Supp. 283, 298 (W.D. Ark. 1959). In this case, Wal-Mart performed no act. It merely replied to two e-mails by directing the Plaintiff to the correct department. It performed no service and Plaintiff made no promise. See Restatement (Second) of Contracts § 71(1)-(2) (2010)("To constitute consideration, a performance or a return promise must be bargained for. A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise").

### 3. Conclusion

For the reasons stated, I recommend that Plaintiff's motion to confirm arbitration (Doc. 20) be denied and Wal-Mart's motion for summary judgment as to the arbitration claim (Doc. 22) be granted.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of April 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

Appellate Case: 11-2968    Page: 5    Date Filed: 10/21/2011 Entry ID: 3841576